## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH KELLY<br>1936 S. Hicks Street,<br>Philadelphia, PA 19145<br><br>              Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.<br>2200 W. Oregon Avenue<br>Philadelphia, PA 19145<br><br>              Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Joseph Kelly ("Plaintiff"), by and through his undersigned attorney, for his Complaint against The Home Depot, Inc. ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") by failing to engage in an interactive process of determining a reasonable accommodation for his disability; by discharging Plaintiff on account of his disability and/or because Defendant regarded him as being disabled within the meaning of the ADA; and in retaliation for requesting a reasonable accommodation in connection thereto.

## PARTIES

2. Plaintiff Joseph Kelly is an adult American citizen residing at 1936 S. Hicks Street, Philadelphia, PA 19145.

3. Upon information and belief, The Home Depot, Inc. is a corporation existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 2200 West Oregon Avenue, Philadelphia, PA 19145.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about June 28, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2017-03126. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated April 4, 2018, Plaintiff received Notice of Rights to Sue from the EEOC regarding his Charge of Discrimination, advising him that he had ninety (90) days to file suit against Defendant.

7. On or about June 15, 2018, within the relevant statutory timeline, Plaintiff filed the instant matter.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

9. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA").

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On or around November 25, 2015, Plaintiff began his employment with Defendant as a part-time Sales Associate in the electrical/lighting department.

14. On or around May 30, 2016, Plaintiff transferred to a part-time Freight Team Associate position.

15. On or around September 19, 2016, Plaintiff converted to full-time employment and remained as a Freight Team Associate.

16. At all times material hereto, Plaintiff received positive reviews of his performance, occasional raises, and no significant discipline.

17. By way of background, Plaintiff suffers from a heart condition caused by complications with an underlying diagnosis of Diabetes, a disability within the meaning of the ADA in that it impairs one or more major life activities. Specifically, as a result of this condition, Plaintiff had to limit the amount to which he engaged in strenuous activities such as climbing ladders and lifting objects of moderate to heavy weight.

18. In or around August 2016, Plaintiff was hospitalized as a result of this foregoing condition, and he received instructions, from his doctor, to refrain from engaging in overly strenuous manual labor.

19. Accordingly, Plaintiff informed his manager, Johnathan Ramos ("Mr. Ramos"), of all the restrictions.

20. Although Mr. Ramos was accommodating Plaintiff's restrictions, Mr. Ramos left employment with Defendant in or around the Fall of 2016, when he was replaced by an individual named Ernesto Valdez ("Mr. Valdez").

21. Immediately after Mr. Valdez assumed Mr. Ramos' position, Plaintiff became subject to hostile and discriminatory treatment on account of his heart condition.

22. Specifically, after Plaintiff informed Mr. Valdez of his heart condition and associated restrictions, he stated, with an angry and condescending tone, "they hired [Plaintiff] to do a job; if "[Plaintiff doesn't] like it, [Plaintiff] can leave."

23. Additionally, Mr. Valdez forced Plaintiff to work against his light duty restrictions approximately two (2) to three (3) times a week.

24. For example, on or around December 20, 2016, Mr. Valdez was walking through the aisles and saw fifty (50) to sixty (60) boxes left in the aisle, expressing how the boxes could not be left there. In response, Plaintiff explained the boxes were to be placed in the overhead and he had a restriction of lifting boxes above twenty (20) pounds. Plaintiff further explained he did not have a license to use the order picker to place the boxes in the overhead. However, Mr. Valdez continued to pressure Plaintiff to move the boxes.

25. As a result of Mr. Valdez's treatment, Plaintiff filed a complaint with his Store Manager, Laura Griffis ("Ms. Griffis").

26. Following Plaintiff's complaint to Laura LNU, Plaintiff received a call from Defendant's human resource department ("HR"), wherein Plaintiff was assured that the problems with Mr. Valdez had been fixed and that Plaintiff had nothing to worry about.

27. On or around January 3, 2017, Plaintiff's employment was terminated, merely one (1) week after receiving re-assurances from Defendant's HR.

28. Specifically, Defendant informed Plaintiff that he was being terminated for having engaged in discriminatory behavior against a co-worker, but was, suspiciously, not provided with any details regarding the alleged discriminatory behavior.

29. Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of his disability and/or perceived disability, in retaliation for Plaintiff requesting an accommodation, and out of an unlawful desire to avoid providing an accommodation for Plaintiff's anticipated recovery period.

30. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability and/or perceived disability and failed to engage in the interactive process to determine such reasonable accommodations.

31. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION AND RETALIATION

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

34. At all times relevant hereto, Defendant had at least fifteen (15) employees.

35. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

36. As described above, Plaintiff's condition is a physical impairment that substantially limited Plaintiff in one or more major life activities.

37. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

38. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disability and/or because it regarded him as being disabled within the meaning of the ADA.

39. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation and previously receiving his light duty accommodation.

40. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

    D.    Pre-judgment interest in an appropriate amount;

    E.    Such other and further relief as is just and equitable under the circumstances; and

    F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
215.375.0961 or 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated:

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.